UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LALL B. RAMNAUTH,                   :
                                    :   Civil Action No. 12-2499 (PGS)
            Petitioner,             :
                                    :
      v.                            :   **OPINION**
                                    :
UNITED STATES DISTRICT COURT,       :
et. al.,                            :
                                    :
            Respondents.            :
_____ :

**APPEARANCES:**

    **LALL B. RAMNAUTH,** Petitioner <u>Pro Se</u>
    # J-2011-03202
    354 Doremus Avenue
    Newark, New Jersey 07105

**SHERIDAN**, District Judge

    This matter is before the Court by application of petitioner Lall B. Ramnauth for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). For reasons discussed below, the petition will be dismissed for lack of jurisdiction.

        I.    <u>PROCEDURAL BACKGROUND</u>

    Petitioner, Lall B. Ramnauth, filed a petition for a writ of error coram nobis on or about April 24, 2012.[1] According to the

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately

1

allegations and attachments to his petition, Petitioner was convicted in the Superior Court of New Jersey, Middlesex County, on or about August 7, 2003, on charges of aggravated assault and unlawful possession of a weapon. He was sentenced to seven years in prison with an 85% parole disqualifier. (Petition, pg. 4 and Exhibits A, B). Petitioner complains that he was ineffectively represented by counsel because counsel never advised Petitioner about the immigration consequences of a criminal conviction, namely, that Petitioner would be subject to deportation. (Pet., pg. 4).

Petitioner filed a state court petition for post-conviction relief ("PCR"), which was eventually denied. The Supreme Court of New Jersey denied certification on Petitioner's appeal from denial of his state PCR petition. (Pet., pg. 5, Ex. J).

---

filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Petitioner handed his petition to prison officials for mailing, Petitioner signed a certification of his petition on April 24, 2012. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, this Court finds April 24, 2012 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on April 27, 2012.

On December 22, 2010, removal proceedings were commenced against Petitioner based on his arson conviction. A removal order was issued on November 1, 2011, but Petitioner appealed. The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on March 2, 2012. After the removal order was first issued, and after his state PCR proceedings completed, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this District Court, <u>Ramnauth v. State of New Jersey</u>, Civil No. 12-599 (PGS). Petitioner continues to appeal his removal order and the matter currently is pending in the United States Court of Appeals for the Third Circuit. (Pet., pg. 4 and Exs. E, F, G, H and I).

At the time that Petitioner filed this petition, he is in custody pursuant to the removal order. It is plain that Petitioner is no longer confined pursuant to the state court judgment of conviction that he now challenges, as admitted by Petitioner, he was released from state custody on July 11, 2008 and he completed his 3 years of parole immediately thereafter. (Pet., pg. 5).

II.  <u>STANDARDS FOR SUA SPONTE DISMISSAL</u>

As Petitioner is seeking relief from a state court conviction, this application is best construed as a habeas petition for relief under 28 U.S.C. § 2254. United States Code Title 28, Section 2243 provides in relevant part as follows:

3

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

### III.  "IN CUSTODY" JURISDICTION

Because Petitioner is challenging a state court conviction, his action for habeas relief is properly considered under 28 U.S.C. § 2254.  Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody*** pursuant to the judgment of a state court only on the ground

4

>     that he is in custody in violation of the Constitution or
>     laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be *in custody* under the conviction he is attacking when the petition is *filed*, in order for this Court to have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed.  Indeed, the Supreme Court held that its decision in Carafas v. LaVallee, 391 U.S. 234 (1968) "strongly implies the contrary."  Maleng, 490 U.S. at 491.  In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied.  Maleng, 490 U.S. at 491 (*citing* Carafas, 391 U.S. at 238).  The Court ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed.  Maleng, 490 U.S. at 492 (*citing* Carafas, 391 U.S. at 238).  Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a

5

conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[2]  Maleng, 490 U.S. at 492.

Here, it is evident that the state court conviction and sentence now challenged by Petitioner had fully expired before he filed for federal habeas relief.  He was sentenced to a seven-year prison term, subject to an 85% parole disqualifier, on October 10, 2003.  Petitioner admits that was released from state custody on July 11, 2008 and completed his term of parole three years later.  He did not file this application for relief until April 2012.  Moreover, it is evident from the allegations in Petitioner's action that Petitioner is an immigration detainee who is now confined pursuant to a removal order.

Petitioner did not file this habeas petition until April 24, 2012, long after he was released from state custody.  Thus, Petitioner is not entitled to relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

Federal habeas relief in this regard also is not available because it is a prohibited successive habeas petition.  Petitioner refers to his federal habeas petition he filed on or

---

[2] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses.  See St. Pierre v. United States, 319 U.S. 41 (1943).

about January 25, 2012, Ramnauth v. State of New Jersey, 12-599 (PGS). On September 27, 2012, that habeas petition was dismissed by this Court for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to petitioner bringing an application before the United States Court of Appeals for the Third Circuit for leave to file a second or successive § 2554 habeas petition, pursuant to 28 U.S.C. § 2244(b)(3). See Ramnauth v. State of New Jersey, 12-599 (PGS), Docket entry nos. 2 and 3.

It would appear that Petitioner is well aware that relief under § 2254 is not available under the facts of this case. Accordingly, he brings this action as a writ of *error coram nobis*. A writ of *error coram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review. United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). However, the writ of *error coram nobis* is available in federal court only for those who were convicted in federal court. 28 U.S.C. 1651(a); Neyor v. I.N.S., 155 F. Supp.2d 127, 136 (D.N.J. 2001). Consequently, the Court cannot construe this habeas petition as a writ of *error coram nobis*. Instead, Petitioner's only course for relief from the collateral consequences of his expired state conviction is to bring a common

7

law writ of *error coram nobis* in the state court where he was convicted.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a), and because there is no jurisdiction under a writ of error coram nobis.  No certificate of appealability will issue.  An appropriate Order accompanies this Opinion.


                                        *s/Peter G. Sheridan*
                                        PETER G. SHERIDAN, U.S.D.J.

DATED: March 1, 2013